**UNITED STATES of America, Appellee,**

v.

**365.0 ACRES OF LAND, MORE OR LESS, Situate IN AUGUSTA COUNTY, COMMONWEALTH OF VIRGINIA, Elinor Ryan Brady and Admiral Parke H. Brady, Appellants.**

**No. 14363.**

United States Court of Appeals, Fourth Circuit.

June 29, 1970.

William A. Perkins, Jr., Charlottesville, Va., on the brief for appellants.

Shiro Kashiwa, Asst. Atty. Gen., Leigh B. Hanes, Jr., U. S. Atty., and Edmund B. Clark and Harry W. McKee, Attys., Department of Justice, on the brief, for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

The issue of whether the United States has the authority to take certain land adjoining the Blue Ridge Parkway through the power of eminent domain was certified by the District Court on November 24, 1969 as involving a "controlling question of law" which would materially advance the ultimate termination of these proceedings. 28 U.S.C. § 1292(b). By an order entered January 5, 1970 we permitted an appeal and stayed the proceedings below.

After carefully reviewing the briefs of the parties and the record, we find oral argument unnecessary and affirm the District Court's order upholding the United States' authority to use eminent domain in these circumstances.

As appellants admit in their brief, the Act of June 30, 1961, 75 Stat. 196, 16 U.S.C. § 460a–5, grants authority to the Secretary of the Interior to acquire "land and interests in land contiguous to the [Parkway]" by purchase or exchange in order to consolidate the land forming the Parkway. The Act of August 1, 1888, as amended, 25 Stat. 357, 40 U.S.C. § 257, permits any Government officer who is authorized to procure real estate for public uses to acquire the same by condemnation whenever it is necessary or advantageous to do so. It is undisputed that the land in question is being taken for public use. In analogous cases, the Act of 1888 has consistently been interpreted as authorizing acquisition by condemnation. E. g., Albert Hanson Lumber Co. v. United States, 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809 (1923); Swan Lake Hunting Club v. United States, 381 F.2d 238, 241 (5 Cir. 1967).

Appellant's argument that the proposed taking for recreational uses is not within the statutory purpose of consolidation calls for too narrow a construction of that word. The use of the phrase "land contiguous to the [Parkway]" is sufficient to convince us that Congress did not mean to limit the granted authority to takings solely involving the roadway's extension. Any doubt we may have had on this score is erased by reference to House of Representatives Report No. 2544, 74th Cong. 2d Sess. which, while discussing a bill to provide for administration and maintenance of the Parkway, recognizes that the purpose of the land acquisition "is to provide a connecting scenic highway and *adjacent roadside recreational area.* \* \* \*" (Accent added.) The emphasized words evince a Congressional intent broad enough to encompass the instant taking under the statutory purpose of consolidation.

We hold that the United States has authority to use its power of eminent domain to acquire this land for the Blue Ridge Parkway.

Affirmed.